## Realty Company v. Port Vue Borough, Appellant, et al.

Argued April 2, 1935. Before FRAZER, C. J., SIMPSON, KEPHART, MAXEY, DREW and LINN, JJ.

*O. K. Eaton,* with him *Harry M. Jones,* for appellant.

*Richard W. Ahlers,* with him *Lee C. Beatty* and *Robert Mellin,* for appellee.

PER CURIAM, April 22, 1935:

Appellee is the holder of the entire issue of bonds, amounting to $31,000, given by appellant in connection with the purchase of the plant and property of the Port Vue Water Company. Default having occurred in the payment of interest on the bonds, appellee filed its bill praying that a decree be entered against the borough directing payment of all overdue interest coupons out of its general funds, and ordering the establishment of a sinking fund sufficient in amount to provide for the amortization of the indebtedness in accordance with the terms of the bonds, and upon failure of the borough to make the required payments, permitting a public sale of the property and assets of the water works in question. The chancellor, after hearing testimony and argument on the matter, granted the relief asked for. The borough has taken the present appeal from the dismissal of its exceptions to the adjudication and decree.

We find no reason for disturbing the conclusions reached by the learned chancellor who heard the case. The reasons are stated by him in a comprehensive and

convincing opinion. By the terms of the bonds the "waterworks systems and property and revenues" are expressly made security for the payment of the principal and interest thereon. Interest payments are in arrears for a period of over three years and the sinking fund is inadequate for the purpose intended. Accordingly, if the borough is unable to make up the deficit in payment, recourse must be had to the property. The borough council must either raise the water rates to the point where the revenues will be adequate to cover its obligations on these bonds or refinance the debt in some other manner, else it will lose the waterworks. The court below has given appellant until October 1, 1935, to make payment of the interest on which it is now delinquent, and until December 31, 1937, to pay into the sinking fund the whole amount which will then be required under the terms of the bonds. These were just, indeed generous, provisions of the decree and they secure to the borough all the protection to which it is entitled.

The decree is affirmed at appellant's costs.